
**Paul M. Ostroff**, OSB No. 95473
ostroffp@lanepowell.com
LANE POWELL PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Defendants Wells Capital Management Inc., Wells Fargo & Co., and Mark Cooper

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **DOMINIC R. MARSHALL and RYAN C. CURDY,** | CV No. _____ |
| Plaintiffs, | Defendants Wells Capital Management Incorporated, Wells Fargo & Company, and Mark Cooper's |
| v. | **NOTICE OF REMOVAL OF ACTION** |
| **WELLS CAPITAL MANAGEMENT INCORPORATED, a California corporation, WELLS FARGO & COMPANY, a Delaware corporation, and MARK COOPER, a citizen of the state of Oregon,** | Pursuant to 28 U.S.C. 1332 and 1441  Clackamas County Circuit Court Case No. CV07010055 |
| Defendants. | |

TO: United States District Court for the District of Oregon; Clerk of the Circuit Court, County of Clackamas; and to Linda L. Marshall, attorney for plaintiffs.

**PLEASE TAKE NOTICE** that defendants Wells Capital Management, Inc. ("WellsCap"), Wells Fargo & Co. ("Wells Fargo"), and Mark Cooper ("Cooper") (collectively, "Defendants") remove to this court the state court action described below. Removal of this action is proper based on the following facts:

1. This action was commenced against Defendants in the Circuit Court of the State of Oregon for the County of Clackamas on or about January 4, 2007. Defendants accepted

PAGE 1 -   DEFENDANTS' NOTICE OF REMOVAL

service of the complaint and summons on or after January 31, 2007.  Thirty days from the acceptance of service is March 2, 2007.

2. The above-described action against Defendants is a civil action which may be removed from that court by Defendants under the provisions of 28 U.S.C. §§ 1332 and 1441, in that it is a civil action, the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states, as further explained in paragraph 3 and 4 below.

3. There is complete diversity between the plaintiffs and Defendants WellsCap and Wells Fargo.  Plaintiffs are and were citizens of Oregon.  *See* Complaint, ¶ 1.  Defendants WellsCap and Wells Fargo are foreign corporations that are incorporated, respectively, in California and Delaware  *See id.*, ¶¶ 2, 4.

4. There is one remaining defendant, Cooper, who, according to the allegations of plaintiffs' complaint, is and was a citizen of Oregon.  *See id.*, ¶ 3.  There are no other defendants named in this matter.  *See id.*  Cooper is a sham defendant who has been fraudulently joined in this action.  A non-diverse defendant who has been fraudulently joined cannot serve to defeat removal based on diversity between the proper parties.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'").

    a. "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determined diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'"  *Id.*  In this case, the only cause of action asserted against the non-diverse defendant Cooper is plaintiffs' tenth claim for relief, asserting intentional interference with a contract.  *See* Complaint, ¶¶ 61-68.  Under the settled law of Oregon, as a matter of law, plaintiffs cannot sustain a claim of interference with a contract against Cooper.

    b. The settled law of Oregon provides that, to state a claim for intentional interference with a contract, a plaintiff must demonstrate the following elements:  (1) existence

PAGE 2 -   DEFENDANTS' NOTICE OF REMOVAL

of a contract, (2) intentional interference with that contract, (3) by a third party, (4) accomplished through improper means or for an improper purpose, (5) a causal effect between the interference and damage to the contractual relationship, and (6) damages. *McGanty v. Staudenraus*, 321 Or. 532, 535, 901 P.2d 841 (1995). Oregon law further provides that when an employee acting in the scope of his employment causes his employer to breach a contract with a plaintiff, that employee is not a third party for purposes of the third element of an intentional interference claim. *Id.* at 538.

     c. The allegations of the complaint show that Cooper is not a third party to the alleged breach of contract as a matter of law. WellsCap is a wholly owned subsidiary of Wells Fargo. Plaintiffs assert that they were granted stock options in Wells Fargo stock as part of their compensation for their employment with WellsCap and that this grant of stock options was part of their contractual relationship with WellsCap. *See* Complaint, ¶¶ 5-6, 11, 18, 32, 38. Plaintiffs assert that non-diverse defendant Cooper interfered with their stock options, which were part of their contractual relationship and compensation for employment with WellsCap. *See id.*; *see also id.* ¶ 63. Plaintiffs further assert that "[a]t all material times, defendant Cooper was acting within the scope and course of his employment and on behalf of defendant WellsCap." *Id.* ¶ 62. This allegation constitutes a binding judicial admission that Cooper cannot be a third party to the contract, and that accordingly the claim for intentional interference with contract cannot be sustained as a matter of law. *McGanty* at 538-540.

     d. Based on the admissions in their Complaint, plaintiffs have failed to state a claim under which defendant Cooper can be found liable. Cooper cannot be found liable for interference with a contract under Oregon law because (i) the breach asserted by plaintiffs is an alleged breach of their contract for compensation with WellsCap and its parent company Wells Fargo, and (ii) plaintiffs admit in their complaint that all actions by Cooper were on behalf of WellsCap, a contracting party. As a matter of law, Cooper is not a "third party" and plaintiffs' claim against Cooper of intentional interference fails. *McGanty* at 535-540.

PAGE 3 - DEFENDANTS' NOTICE OF REMOVAL

    e. The foregoing statement of reasons as to why Cooper is a fraudulently joined defendant is made without prejudice to the Defendants' right to assert additional reasons or grounds demonstrating fraudulent joinder, or to offer evidence showing that Cooper has been fraudulently joined.

    f. As a matter of law, plaintiffs have fraudulently joined defendant Cooper because plaintiffs have failed to state a cause of action against Cooper. *Morris*, 236 F.3d at 1067. Accordingly, Cooper is a sham defendant and removal based on diversity of citizenship is appropriate. *Id.*

  5. Plaintiff's complaint seeks in excess of $75,000 in damages on behalf of each of the plaintiffs. *See* Complaint, ¶ 68 and prayer for relief.

  6. Based on the allegations of the complaint, venue is proper in this Court because plaintiffs were each residents of the state of Oregon at all times relevant to the Complaint. *See* Complaint, ¶ 1.

  7. Pursuant to 28 U.S.C. §§ 1446(a), a copy of the summons and complaint served on Defendants and all other pleadings heretofore filed are attached as Exhibit A.

  8. Pursuant to 28 U.S.C. §§ 1446(b), this Notice of Removal is being filed within thirty days of service of summons on Defendants.

  9. Pursuant to 28 U.S.C. §§ 1446(d), Defendants will file a notice of removal with the Clerk of the Circuit Court, Clackamas County, Oregon informing the court that this matter

PAGE 4 - DEFENDANTS' NOTICE OF REMOVAL

has been removed to federal court.  A copy of this notice of removal, including all supporting exhibits, will be attached to the Notice of Removal.

DATED:  March 2, 2007

                                                          LANE POWELL PC

                                                          By  s/Paul M. Ostroff
                                                             Paul M. Ostroff, OSB No. 95473
                                                             Telephone:  503.778.2100
                                                      Attorneys for Defendants Wells Capital Management Inc., Wells Fargo & Co., and Mark Cooper

PAGE 5 -   DEFENDANTS' NOTICE OF REMOVAL

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2007, I caused to be served a copy of the foregoing Defendants' Notice of Removal on the following person(s) in the manner indicated below at the following address(es):

Linda L. Marshall, Esq.
PMB 408
3 Monroe Parkway, Suite P
Lake Oswego, OR  97035-8875

☐ by **CM/ECF**
☐ by **Electronic Mail**
☐ by **Facsimile Transmission**
☒ by **First Class Mail**
☐ by **Hand Delivery**
☐ by **Overnight Delivery**

          s/Paul M. Ostroff
          Paul M. Ostroff

PAGE 6 -   DEFENDANTS' NOTICE OF REMOVAL