**Paul M. Ostroff**, OSB No. 95473
ostroffp@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

**Nancy W. Anderson**, WSBA No. 23031
andersonn@lanepowell.com
(*Pro Hac Vice* Admission Pending)
**LANE POWELL PC**
1420 Fifth Avenue, Suite 4100
Seattle, Washington 98101-2338
Telephone: 206.223.7000
Facsimile: 206.223.7107

Attorneys for Defendants Wells Capital Management Incorporated, Wells Fargo & Company, and Mark Cooper

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **DOMINIC R. MARSHALL** and **RYAN C. CURDY**, | CV No. 07-CV-309 HU |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| **WELLS CAPITAL MANAGEMENT INCORPORATED**, a California corporation, **WELLS FARGO & COMPANY**, a Delaware corporation, and **MARK COOPER**, a citizen of the state of Oregon, | |
| Defendants. | |

Based upon the stipulation of the parties, by and through their undersigned counsel,

IT IS HEREBY ORDERED as follows:

PAGE 1 -   STIPULATED PROTECTIVE ORDER

All documents produced by the parties in response to any request for production shall be subject to the following terms and conditions:

### PROCEDURES AND DEFINITIONS

### 1.

### DESIGNATION AS CONFIDENTIAL

The parties in this case may designate documents and information as confidential, as specified below. Such information will be stamped "Confidential/Subject to Protective Order" to apprise others that the documents have been designated as confidential. Each party will stamp documents as confidential only after a good faith determination that the document contains material that qualifies as a legitimate trade secret or other confidential research, development, or commercial information. With respect to any deposition exhibits, it shall be the duty of the party or witness claiming confidentiality as to such exhibits to designate them as confidential at the time of the deposition or within fifteen (15) calendar days after receiving the deposition transcript.

### 2.

### TYPE AND CATEGORIES OF DOCUMENTS SUBJECT TO ORDER

Each of the parties have requested the production of certain documents that the producing party deems to contain confidential information, proprietary information, and/or trade secrets as defined by ORS 646.461(4)(a), and that the parties maintain are subject to protection as confidential under FRCP 26(c)(7). The documents subject to designation as confidential contain information regarding:

(a)    Grant of stock options to the plaintiffs;

(b)    Summaries of meetings of the Long-Term Incentive Compensation Plan Committee concerning the grant of stock options;

(c)    Correspondence relating to the termination of plaintiffs;

PAGE 2 -   STIPULATED PROTECTIVE ORDER

(d) Correspondence from plaintiffs' counsel concerning the plaintiffs' terminations from employment and correspondence from counsel for the defendant concerning plaintiffs' termination from employment;

(e) Wells Fargo Codes of Ethics;

(f) Wells Capital Management Codes of Ethics;

(g) Letters from plaintiffs purporting to resign their employment;

(h) Documents that may relate to plaintiffs' termination for cause;

(i) Defendant's Long-Term Incentive Compensation Plan;

(j) Wells Fargo internal policies and procedures addressing cancellation of stock options;

(k) Written communication relating to the termination of plaintiffs' employment; and

(l) Documents concerning the request of plaintiffs' to exercise their stock options;

## 3.
## ACCESS TO CONFIDENTIAL INFORMATION

The documents and information designated as confidential will not be disclosed to or used by anyone except the following persons:

(a) The named parties to the action and any directors or offices or employees of a party required to assist such party with respect to this action;

(b) Outside and in-house counsel for defendants and their employees necessarily involved in the conduct of this litigation;

(c) Experts and consultants retained by any of the parties who have a need for such information to assist in this litigation;

(d) Any deposition or trial witness, where necessary to the testimony of such witness in this litigation;

(e) Any person who has prior knowledge of such information from some context other than the litigation itself;

PAGE 3 -   STIPULATED PROTECTIVE ORDER

(f)  The Court, jury, court personnel, court reporters, any mediator, and similar personnel;

(g)  Any attorney handling a lawsuit involving the same issues against the designating party; and

(h)  Any other person with prior written consent of the designating party.

### 4.

### CONSENT TO BE BOUND

Any of the persons listed above shall be bound to use confidential documents and the information contained therein solely for purposes of this litigation. Before receiving, being shown, or using confidential documents, the persons listed above shall be shown a copy of the Stipulated Protective Order and shall agree in writing or verbally to be bound by this and all other terms contained herein. Should any person refuse to consent to be bound by the terms of the protective order, disclosure of the confidential documents shall not constitute a waiver of the protections of this protective order.

### OTHER PROVISIONS

### 5.

### CHALLENGES TO DESIGNATIONS

If any party challenges the designation of any documents or testimony as confidential, that party shall notify all interested parties of its intent to challenge the confidentiality designation, and the parties shall negotiate in good faith to resolve any dispute in this regard without resort to the Court. If the parties are not able to resolve such a dispute, the party making the designation of confidentiality may apply within fourteen (14) days to the Court by motion for appropriate relief; provided, however, that the protections under this Stipulated Protective Order shall continue to apply until such time as the Court has ruled to the contrary. The party asserting the privilege that the document or testimony is confidential shall have the burden of demonstrating to the satisfaction of the Court that public interest or the interest of justice clearly

PAGE 4 - STIPULATED PROTECTIVE ORDER

requires that the document or testimony remain protected as confidential. A challenge to any designation made hereunder may be made at any time during the pendency of this lawsuit.

### 6.

### FILING UNDER SEAL

If any of the documents provided pursuant to this protective order need to be filed with the Court, they shall be filed under seal subject to the following conditions. If a party files under seal any document produced under this Protective Order, a party seeking to preserve the secrecy of any such document must make the showing required pursuant to FRCP 26 and *Foltz v. State Farm Mutual Automobile Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003), in order to maintain the protective order as to such document. Before seeking to maintain protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

### 7.

### RETURN OF DOCUMENTS

Upon completion of this case, counsel may keep protected documents but must maintain them under the terms of this confidentiality agreement. In the alternative, counsel may return them to the designating party. If the documents were originally produced without charge, they shall be returned without charge. If they were produced at a charge, they shall be returned for the same cost. Alternatively, the party in possession of the confidential documents may destroy such documents and certify to counsel for the designating party that it has done so.

### 8.

### APPLICATION TO COURT

This Stipulated Protective Order is without prejudice to the right of any party to apply to the Court for an order permitting the disclosure of any confidential document or to apply for an order modifying or limiting this Stipulated Protective Order in any respect.

PAGE 5 -   STIPULATED PROTECTIVE ORDER

## 9.

## REQUEST FOR CONFIDENTIAL DOCUMENTS

If any party receives a subpoena or any other notice requesting documents designated as confidential pursuant to the terms of the Stipulated Protective Order, that party must notify counsel for the other party before responding to the subpoena.

## 10.

## INJUNCTIVE RELIEF

The parties acknowledge that if confidential material is disclosed to persons other than those listed in Section 3 of this Stipulated Protective Order, it is possible that irreparable injury would occur which would not be compensable solely by monetary damages. Therefore, the parties agree that injunctive relief may be an appropriate remedy for any violation of this Order.

IT IS SO STIPULATED:

DATED: 5-25-07

By /s/ Linda L. Marshall
Linda L. Marshall, OSB No. 83279
Telephone: 503.699.2082
Attorneys for Plaintiffs Dominic R. Marshall and Ryan C. Curdy

LANE POWELL PC

DATED: 5-29-07

By /s/ Paul M. Ostroff
Paul M. Ostroff, OSB No. 95473
Nancy W. Anderson, WSBA No. 23031
Telephone: 503.778.2100
Attorneys for Defendants Wells Capital Management Incorporated, Wells Fargo & Company, and Mark Cooper

PAGE 6 -   STIPULATED PROTECTIVE ORDER

IT IS SO ORDERED:

DATED this _____ day of _____ 2007

_____
The Honorable Dennis J. Hubel
United States District Court Judge

PAGE 7 -   STIPULATED PROTECTIVE ORDER

**LANE POWELL PC**